## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **HENRY ALEXANDER ESCOBAR-BOJORQUEZ,** | **Civil Action No. 17-5275 (SDW)** |
| **Petitioner,** | **MEMORANDUM OPINION** |
| **v.** | |
| **RANDI BORGEN, et al.,** | |
| **Respondents.** | |

IT APPEARING THAT:

1.   On or about July 19, 2017, Petitioner Henry Alexander Escoba-Bojorquez filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his ongoing immigration detention pending his removal from the United States.  (ECF No. 1).  In his petition, Petitioner essentially asserts that he has pending applications for relief that may alleviate the order of removal under which he has been held since July 11, 2017, and that he should therefore be released from custody and his removal from the United States, which is currently scheduled for July 20, 2017, should be stayed.

2.   Because Petitioner has filed a habeas petition and has paid the appropriate filing fee, this Court is required by Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), to preliminarily review the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

3.  Pursuant to 28 U.S.C. § 2241(c), habeas relief may extend to a prisoner only when he is "in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a habeas petition if the petitioner is "in custody, that custody is allegedly "in violation" of federal law, and the petitioner is detained by a custodian who is also within the reach of the Court's jurisdiction.  S*ee Id.*; *Maleng v. Cook*, 490 U.S. 488, 490 (1989); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).  The "warden of the [facility] where the detainee is held . . . is considered the custodian for purposes of a habeas action," not a more remote supervisory figure such as a high level immigration official or the Attorney General, regardless of the fact that such a remote figure may have the authority to order the petitioner's release. *Yi v. Maugans*, 24 F.3d 500, 507 (3d Cir. 1994); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 434-36 (2004).  Habeas jurisdiction will therefore only exist under § 2241 where this Court has jurisdiction over the warden of the facility in which the petitioner is held.  *Yi*, 24 F.3d at 507-08.  It is likewise for that reason that the warden, who is the sole proper respondent in a § 2241 matter, is an indispensable party to such an action, and a petition failing to identify the proper respondent may be dismissed as a result.  *Id.* (warden is the sole proper respondent); *see also Saisi v. New Jersey Parole Board*, No. 08-6043, 2009 WL 1314814, *1-2 (D.N.J. May 12, 2009) (proper respondent is indispensable party to habeas action); *Saldana v. New Jersey*, No. 10-4427, 2010 WL 3636259, *1-2 (D.N.J. Sep. 8, 2010) (same).

4.  In his petition, Petitioner directly states that he is being held in "a staging center in Alexandria, Louisiana . . . awaiting . . . deportation."  (ECF No. 1 at 2).  Although Petitioner states that he expects to eventually be returned to New Jersey (*Id.* at 3), it is clear that, at the time of the filing of his petition, he was not being held within the jurisdiction of this Court, that the warden of

the facility in which he is being held is not subject to the territorial jurisdiction of this Court, and that this Court therefore lacks jurisdiction over this petition.  *Yi*, 24 F.3d 507-08.  Likewise it is clear that Petitioner has failed to name an indispensable party to this action – the warden of the facility in Louisiana in which he is being held.  Petitioner's habeas petition must therefore be dismissed without prejudice for lack of jurisdiction and because Petitioner has failed to name an indispensable party.  *Id.*; *Saldana*, 2010 WL 3636259 at *1-2; *Saisi*, 2009 WL 1314814 at *1-2.

5.  The Court further notes that in his habeas petition Petitioner requested that this Court enter an order staying his removal.  Pursuant to 8 U.S.C. § 1252(a)(5), this Court has no authority or jurisdiction to review orders of removal, and as a result lacks jurisdiction to consider a stay of removal premised on the assertion that the removal order will be overturned or is otherwise faulty.  *See Nkansah v. Aviles*, No. 15-2678, 2015 WL 4647988, at *3 (D.N.J. Aug. 5, 2015); *see also Chuva v. Att'y Gen.*, 432 F. App'x 176, 177 (3d Cir. 2011).  The limited stay that was granted on July 29, 2017 is hereby vacated and Petitioner's request for a stay of removal is denied.

6.  Finally, by way of letter dated July 20, 2017, the Office of Enforcement and Removal Operations (Newark Field Office), as part of the US. Department of Homeland Security/U.S. Immigration and Customs Enforcement (ICE), Petitioner's application for a Stay of Deportation or Removal (Form I-246) has been denied.  In conclusion, Petitioner's petition for a writ of habeas corpus is dismissed for lack of jurisdiction and his request for a stay of removal is denied.  The hearing scheduled for July 25, 2017 is cancelled.  An appropriate order follows.

_____/s/ Susan D. Wigenton_____
SUSAN D. WIGENTON, U.S.D.J